UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUTUMN PADILLA<br><br>　　　　Plaintiff,<br><br>v.<br><br>MONT MARIE OPERATOR, LLC,<br><br>　　　　Defendant. | Civil Action No. _____ |

# NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. § 1446, Defendant Mont Marie Operator, LLC ("Mont Marie" or "Defendant") submits this Notice of Removal of the instant civil action. As grounds for this removal, Defendant states that:

1. On or about April 10, 2019, an action was commenced by Autumn Padilla ("Plaintiff") against Defendant in the Superior Court of the State of Massachusetts, Hampden County, by the filing of a Complaint styled as <u>Autumn Padilla v. Mont Marie Operator, LLC</u>, Civil Action No. 1979CV00250 (hereinafter "State Action").

2. Pursuant to 28 U.S.C. § 1446(a), the process, pleadings, and orders served upon Defendant to date in this matter on May 30, 2019 include the Complaint, Summons, and Proof of Service Form, are attached hereto as <u>Exhibit A</u>.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed with this Court within thirty (30) days of service of the Summons and Complaint in the State Action.

4. No further proceedings have occurred in the State Action. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Hampden County Superior Court in response to the Complaint.

5. This action is removable to this Court based on diversity jurisdiction, because Plaintiff is a citizen of Massachusetts, while Defendant is a limited liability company that is a citizen of New Jersey, Illinois and Delaware.

6. This action is being removed to this Court on the grounds that original jurisdiction of this action is in this Court. Specifically, the parties are of diverse citizenship and more than $75,000 is in controversy.

## DIVERSITY JURISDICTION

7. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because there is diversity of citizenship between Plaintiff and Defendant (*i.e.* they are citizens of different states).

8. In the Complaint, Plaintiff Autumn Padilla states that she is a resident of Chicopee, Massachusetts. Compl., ¶ 1.

9. Mont Marie is a New Jersey limited liability company. The "citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" D.B. Zwirn Special Opp. Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (quoting Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006)).

10. Mont Marie's members are Quinto Guardian LLC ("Quinto") and UKR Consulting, LLC ("UKR").

11. Quinto is a Delaware limited liability company, and its members are Tryko Guardian Holdings LLC ("Tryko") and Nacham Rokeach. Mr. Rokeach is a citizen of New Jersey.

Tryko is a Delaware limited liability company and its members are Yonah Kohn, Yitzchok Rokowsky, Osher Flagler, and Sean Kohn. Yonah and Sean Kohn are citizens of Illinois and Mr. Flagler and Mr. Rokowsky are citizens of New Jersey. UKR is a New Jersey limited liability company and its members are Uri Kahanow and Aviva Kahanow, who are both citizens of New Jersey. Therefore, Mont Marie is considered a citizen of New Jersey, Delaware and Illinois for purposes of determining diversity jurisdiction.

12. Therefore, there is complete diversity between Plaintiff and Defendant in this action.

13. In the Complaint, Plaintiff claims that she was discriminated against on the basis of sex/gender (pregnancy), a real or perceived handicap and that she was terminated in retaliation for reporting discrimination. Plaintiff seeks damages "available pursuant to M.G.L. c. 151B", which includes payment of back wages and lost benefits, front pay and benefit loss, punitive damages, emotional distress damages and attorneys' fees." Based upon the foregoing, Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, sufficient to indicate that this Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a).

14. Because the United States District Courts have original jurisdiction over actions brought by diverse citizens when the amount in controversy is more than $75,000, pursuant to 28 U.S.C. § 1332, removal of this case to this Court under the circumstances herein is proper under 28 U.S.C. § 1441.

15. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled a claim upon which relief may be granted.

## **NOTICES**

16. Defendant will notify the Hampden County Superior Court and Plaintiff of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Hampden County Superior Court, is attached hereto as Exhibit B.

WHEREFORE, Defendant prays that the above-action now pending against it in the Superior Court of the State of Massachusetts, Hampden County, be removed therefrom to this Court.

Respectfully submitted,

MONT MARIE OPERATOR, LLC,

By its attorneys,

*/s/ Jamie L. Kessler*
Erik J. Winton BBO # 600743
Jamie L. Kessler BBO #681867
Jackson Lewis P.C.
75 Park Plaza – 4th Floor
Boston, MA 02116
(617) 367-0025
Erik.Winton@jacksonlewis.com
jamie.kessler@jacksonlewis.com

Dated: June 19, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 19th day of June, 2019 a true and accurate copy of the above document was filed with the Court via the ECF system and served upon Plaintiff's counsel Michael O. Shea, 3 Crane Park Drive, Suite 7, Wilbraham, MA, 01095 on June 19, 2019 via first class mail, postage prepaid.

                                              /s/ *Jamie L. Kessler*
                                              Jackson Lewis P.C.

4845-2745-9225, v. 1