

**LAW OFFICE**
**OF**
**MICHAEL O. SHEA, P.C.**

3 CRANE PARK DRIVE, SUITE 7
WILBRAHAM, MA 01095

TEL: 413.596.8005
FAX: 413.596.8095

April 22, 2019

**_VIA FIRST-CLASS MAIL_**
Suffolk County Sheriff
Civil Process Division
132 Portland Street
Boston, MA 02114

APR 26 2019

Re:     _Padilla v. Mont Marie Operator, LLC_
        _Hampden County Superior Court – Civil Action No. 1979CV00250_

Dear Sir or Madam:

Please serve the following enclosed documents: the Plaintiff's  _Civil Action Cover Sheet, Complaint and Jury Demand_ and the _Civil Tracking Order,_ on the Defendant, Mont Marie Operator, LLC, whose Registered Agent is **Precision Corporate Services, Inc.** located at:  **44 School Street, Suite 325, Boston, MA, 02108.**

I have enclosed one summons for your return of service as well.  Please note that time is of the essence, and if you should have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

Sincerely,

Ally Plante
Legal Assistant

STO
87

file
encls.

A true copy Attest:

| | Deputy Sheriff Suffolk County

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Autumn Padilla | COUNTY |
|---|---|---|
| ADDRESS: | 45 Southern Drive, Chicopee, Hampden County, Massachusetts | Hampden |

DEFENDANT(S): Mount Marie

| ATTORNEY: | Michael O. Shea, Esq. | |
|---|---|---|
| ADDRESS: | 3 Crane Park Drive, Suite 7, Wilbraham, MA 01095 | ADDRESS: 36 Lower Westfield Road, Holyoke, Hampden County, Massachusetts |

| BBO: | 555474 |
|---|---|

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES   [ ] NO |

"If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................................... $
    2. Total doctor expenses .................................................................................. $
    3. Total chiropractic expenses ......................................................................... $
    4. Total physical therapy expenses .................................................................. $
    5. Total other expenses (describe below) ......................................................... $
                                      Subtotal (A): $
B. Documented lost wages and compensation to date ............................................ $
C. Documented property damages to dated ........................................................... $
D. Reasonably anticipated future medical and hospital expenses ............................ $
E. Reasonably anticipated lost wages ................................................................... $
F. Other documented items of damages (describe below) ........................................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$    $25,000+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X          Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X          Date: 4/1/19

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO.

AUTUMN PADILLA,

Plaintiff

v.

MONT MARIE OPERATOR, LLC,

Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Autumn Padilla (hereinafter referred to as the "Plaintiff"), is a natural
   person with a residential address of 45 Southern Drive, Chicopee, Hampden County,
   Massachusetts.

2. The Defendant, Mont Marie Operator, LLC ("Defendant"), is a business located at 36
   Lower Westfield Road, Holyoke, Hampden County, Massachusetts.

### Facts

3. The Plaintiff began her employment with the Defendant in or around January or
   February, 2018, as Certified Nursing Assistant in Holyoke, Massachusetts.

4. The Plaintiff has always performed her job responsibilities well throughout the course of
   her employment with the Defendant.

5. In or around August, 2018, the Plaintiff informed the Administrator, Katie Theriault,
   Human Resources, Tanya Unsderser, and the Director of Nursing, Deb Collins, of her

pregnancy.

6. The Plaintiff had an at-risk pregnancy due to the position of her placenta and the risk of the umbilical cord detaching. This also caused cramping, sharp pains, and pressure to her pelvic, lower back, and lower abdominal areas. The Plaintiff also experienced high blood pressure and swelling. As a result, the Plaintiff needed to request assistance to do any heavy lifting or adjust patients in bed.

7. The Plaintiff's fellow aides, immediate supervisors, and supervisory charge nurses were aware of the Plaintiff's pregnancy, her history with miscarriages, the pain she was experiencing due to the pregnancy, and her difficulty with all of the heavy lifting, heavy work load, and assignments. The Plaintiff would also occasionally need to request a few minutes to rest in between assignments.

8. On one particular occasion, the Plaintiff received a verbal warning as a "no call/no show" when the Plaintiff had an emergency medical appointment for her pregnancy. The Plaintiff notified her supervisor via text message that she needed to go to the appointment, but her supervisor ignored her request for time off and subsequently issued a verbal warning.

9. On or around September 18, 2018, the Plaintiff wrote a request to go from a full-time position to per diem. The Plaintiff believed this was her only option to keep her job and earn an income without complicating her pregnancy any further. On or around September 18, 2018, the Plaintiff submitted this request stating her last full-time shift will be September 30, 2018 and the per diem status effective October 1, 2018.

10. The heavy work load imposed upon the Plaintiff and added stress from the pain and pressure caused concern for a miscarriage and other complications. The Plaintiff made

2

an emergency appointment with her OBGYN to discuss the pain and discomfort she had been experiencing.

11. During this appointment, the Plaintiff's doctor advised that she go on light-duty instead of losing her job by going per diem.

12. Two days later, on or around September 20, 2018, the Plaintiff submitted a light-duty request and rescinded her per diem request to the Administrator, Ms. Theriault. The Plaintiff hand delivered this request to Ms. Theriault and also verbally communicated her intent to rescind her prior request of per diem status. Ms. Theriault approved this request to remain full-time while working on light duty. Ms. Theriault and the Plaintiff then walked to Human Resources together to talk to Ms. Unsderser. The Plaintiff's withdrawal of per diem to light duty was verbally communicated and approved again with Ms. Unsderser in Human Resources and Ms. Theriault, the Administrator.

13. The Plaintiff continued to work with the understanding and approval of being full-time, light duty.

14. On or around September 27, 2018, the Plaintiff received a call from Ms. Unsderser in Human Resources stating that the Director of Nursing, Ms. Collins, gave the Plaintiff's position away before October 1, 2018, when her per diem status change would have been effective. Ms. Unsderser also told the Plaintiff that there wasn't anything further she could do, as there were no other open positions other than per diem.

15. Ms. Unsderser stated to the Plaintiff, in person and over the phone, that the Plaintiff's position was given away just days after her initial per diem request. Ms. Unsderser also stated that the Plaintiff's position should not have been given away since the Plaintiff's "end date" was nowhere in sight.

3

16. The Plaintiff was effectively terminated when the Defendant refused to return her to full-time status. To the Plaintiff's knowledge, the Plaintiff remains on per-diem status, but is not currently receiving shift assignments.

17. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (M.G.L. c. 151B - Sex/Gender (Pregnancy) - Discrimination)

18. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

19. The discriminatory treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to sex/gender (pregnancy).

20. There is direct and circumstantial evidence of sex/gender bias on the part of the Defendant including, but not limited to, the incidents of discrimination set forth above.

21. The conditions imposed upon the Plaintiff and the adverse action taken against the Plaintiff related to sex and gender (pregnancy) adversely affected the terms and conditions of her employment. The Plaintiff's employment was effectively terminated.

22. The Plaintiff suffered significant emotional distress and was severely and adversely affected by the conduct of the Defendant and its failure to take reasonable steps to stop the discriminatory conduct.

WHEREFORE, the Plaintiff, Autumn Padilla, respectfully requests a judgment against the Defendant, Mont Marie Operator, LLC, and for all damages available pursuant to M.G.L. c. 151B.

## Count II
### (M.G.L. c. 151B – Sex/Gender (Pregnancy) Retaliation)

23. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

4

24. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender (pregnancy).

25. The Plaintiff was discriminated and retaliated against, at least in part, based upon her resisting and reporting discrimination due to her sex/gender (pregnancy).

26. The Plaintiff was severely and adversely affected by the conduct of the Defendant and the Defendant's failure to take reasonable steps to ensure that the discriminatory conduct and retaliation would not continue.

WHEREFORE, the Plaintiff, Autumn Padilla, respectfully requests a judgment against the Defendant, Mont Marie Operator, LLC, and for all damages available pursuant to M.G.L. c. 151B.

<u>Count III</u>
**(M.G.L. c. 149 §105D – Massachusetts Maternity Leave Act)**

27. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

28. The Plaintiff was employed full-time by the Defendant for approximately nine months.

29. At all relevant times, the Defendant employed six or more employees.

30. The Plaintiff qualified for eight weeks of paid or unpaid leave of absence for the birth of her child.

31. The Plaintiff was not returned to her position, or a similar position, at the Defendant at the conclusion of her eight week leave of absence.

WHEREFORE, the Plaintiff, Autumn Padilla, respectfully requests a judgment against the Defendant, Mount Marie Operator, LLC, and for all damages available pursuant to M.G.L. c. 149 §105D.

<u>Count IV</u>
(M.G.L. c. 151B – Pregnancy Discrimination Act)

32. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

33. The Plaintiff was treated differently as to the terms and conditions of her employment
based upon the Plaintiff's pregnancy and pregnancy-related condition.

34. The Plaintiff requested reasonable accommodations for her pregnancy and pregnancy-
related condition, and the Defendants took adverse action against the Plaintiff for
requesting such accommodations.

35. The Plaintiff's requests for accommodation were denied, and instead the harassment of
the Plaintiff intensified based upon her pregnancy complications and requests for
accommodation.

36. The Plaintiff was severely and adversely affected by the Defendant's conduct and the
failure of the Defendant to take reasonable steps to ensure that this discriminatory
conduct and harassment would not continue.

WHEREFORE, the Plaintiff, Autumn Padilla, respectfully requests judgment against the
Defendant, Mont Marie Operator, LLC, and for all damages available pursuant to M.G.L. c.
151B.

<u>Count V</u>
(M.G.L. c. 151B – Real or Perceived Handicap – Discrimination and Harassment)

37. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38. The Plaintiff was treated differently as to the terms and conditions of her employment
based upon the Plaintiff's real or perceived handicap or medical condition.

39. The Plaintiff was perceived as handicapped and was discriminated against harassed based
upon her real or perceived handicap.

6

40. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct and harassment would not continue.

WHEREFORE, the Plaintiff, Autumn Padilla, respectfully requests judgment against the Defendant, Mount Marie Operator, LLC, and for all damages available pursuant to M.G.L. c. 151B.

<u>Count VI</u>
**(M.G.L. c. 151B – Real or Perceived Handicap – Denial of Requests for Accommodations)**

41. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

42. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's real or perceived handicap or medical condition.

43. The Plaintiff requested reasonable accommodations for her handicap and/or medical condition, and the Defendants took adverse action against the Plaintiff for requesting such accommodations. The Plaintiff was perceived as handicapped and was harassed based upon her handicap.

44. The Plaintiff's requests for accommodation were denied, and instead the harassment of the Plaintiff intensified based upon her pregnancy complications and requests for accommodation.

45. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct and harassment would not continue.

WHEREFORE, the Plaintiff, Autumn Padilla, respectfully requests judgment against the Defendant, Mount Marie Operator, LLC, and for all damages available pursuant to M.G.L. c. 151B.

7

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1979CV00250 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME<br>Autumn Padilla vs. Mont Marie Operator, LLC | Laura S Gentile, Clerk of Courts |
|---|---|

| TO:  Michael Owen Shea, Esq.<br>Law Office of Michael O. Shea<br>3 Crane Park Drive<br>Suite 7<br>Wilbraham, MA 01095 | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 07/08/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 08/06/2019 | |
| All motions under MRCP 12, 19, and 20 | 08/06/2019 | 09/05/2019 | 10/07/2019 |
| All motions under MRCP 15 | 08/06/2019 | 09/05/2019 | 10/07/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/03/2020 | | |
| All motions under MRCP 56 | 03/03/2020 | 04/02/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/31/2020 |
| Case shall be resolved and judgment shall issue by | | | 04/07/2021 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>04/10/2019 | ASSISTANT CLERK<br>Lauramarie Sirois | PHONE<br>(413)735-6017 |
|---|---|---|

SCV026\ 08/2018

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.** 19 · 250

Autumn Padilla , PLAINTIFF(S)

V.                                          **SUMMONS**

Mont Marie Operator, LLC , DEFENDANT(S)

To the above named defendant: Mont Marie Operator, LLC

    You are hereby summoned and required to serve upon Michael O. Shea ,
plaintiff's attorney, whose address is 3 Crane Park Dr., Suite 7, Wilbraham, MA 01095
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a
reasonable time thereafter.

    Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Judith Fabricant, Esq., at Springfield the _____ day of _____
in the year of our Lord two thousand :

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.